UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ENABLE HOLDINGS, INC., | ) | Case No. 10-41498 |
| | ) | |
| Alleged Debtor. | ) | Chapter 11 - Involuntary |
| | ) | Judge Jacqueline P. Cox |
| | ) | |

**FINAL ORDER REGARDING MOTION OF SUNRISE BIDDERS, INC. TO MODIFY
AUTOMATIC STAY, AUTHORIZE SENDING OF UCC SALE NOTICE, AUTHORIZE
AND APPROVE UCC SALE, AND FOR OTHER RELIEF**

This matter coming on for final hearing (the "Final Hearing") on the Motion (the "Motion") of SunRise Bidders, Inc. ("SunRise") to Modify the Automatic Stay, Authorize Sending of UCC Sale Notice, Authorize and Approve UCC Sale, and for Other Relief [Docket #11]; due notice of the Motion having been served on all parties entitled thereto; the Court, upon initial presentation of the Motion on September 28, 2010, having entered an order [Docket #16]:

(i)     Approving the Additional Notice (as such term is defined in the Motion) proposed to be sent on September 28, 2010 to all creditors of Enable Holdings, Inc. ("Enable"), the alleged debtor herein, and other interested parties, advising them of, among other things, this bankruptcy case, the Motion, the UCC Sale (as such term is defined in the Motion) and their right to object to the Motion or the UCC Sale on or before October 5, 2010 (the "Objection Deadline"), and authorizing SunRise to send same to such creditors and other interested parties;

(ii)     Approving notices proposed to be sent on September 28, 2010 to Enable, its subsidiaries and secured parties of record (the "UCC Notices"), as described in and

19962764

attached to the Motion, advising them of the UCC Sale, and authorizing SunRise to send same to such parties;

(iii)   Approving the Tribune Ad (as such term is defined in the Motion), advertising the UCC Sale, and authorizing SunRise to cause same to be published in the Auction Mart section of the Chicago Tribune on October 3, 2010;

(iv)   Lifting the automatic stay with respect the sending and publishing of the notices and advertisement described in (i), (ii) and (iii) above; and

(v)   Setting the Final Hearing on the Motion for October 6, 2010 at 10 a.m.; the Additional Notice, as modified to include disclosures ordered by the Court and an internet link to documents relating to the security interests of the Holders (as such term is defined in the Motion) in the Collateral (as such term is defined in the Motion) having been sent to all creditors and other interested parties on September 28, 2010, as certified to by counsel for SunRise [Docket #18]; the UCC Notices having been sent to Enable, its subsidiaries and secured parties of record on September 28, 2010, as certified to by counsel for SunRise [Docket #19 and #20]; the Tribune Ad having been published in the Chicago Tribune on October 3, 2010, as certified to by the Chicago Tribune Company [Docket #22]; no objection to the Motion or UCC Sale having been made, filed or served on or before the Objection Deadline or at the Final Hearing, and the Court being fully advised in the premises,

THE COURT HEREBY FINDS THAT:

1.   This is an involuntary bankruptcy case and no order for relief has been entered herein.

2.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.     Due and proper notice of the Motion, the UCC Sale and the Final Hearing has been given to all persons and parties entitled thereto, and notice of the UCC Sale has been properly and reasonably published.

5.     Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant SunRise relief from the automatic stay to conduct and consummate the UCC Sale in that, as alleged in the Motion and not controverted: (a) Enable currently has insufficient cash to properly run its business, including meeting payroll, without weekly cash infusions of approximately $50,000; (b) without such infusions, Enable will soon, if not immediately, be forced to scale back or close its operations, threatening its value as a going concern and decreasing the value of SunRise's interest in the Collateral; (c) Enable has no ability to make cash payments or grant liens to the Holders to compensate for the loss or imminent loss of this value; and (d) granting relief from the stay to allow the UCC Sale will give SunRise and the Holders a reasonable prospect of gaining maximum value from the Collateral and give the business of Enable a reasonable prospect of continuing as a going concern.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

A.     The automatic stay is hereby lifted, for cause, to permit SunRise to conduct and consummate the UCC Sale, to be held on October 8, 2010 at 10 a.m., as proposed in the Motion;

B.     The UCC Sale, and the transfer of interests in the Collateral pursuant thereto, are hereby authorized for purposes of 11 U.S.C. § 549(a)(2)(B), and approved;

C.     The 14-day stay provided for in Bankruptcy Rule 4001(a)(3) is hereby waived; and

3

D.    SunRise shall file with the Court a report of the UCC Sale on or before Monday,

October 11, 2010. *This matter is set for status on 10/19/10 at 10:00 a.m.*

Dated: October 6, 2010

ENTER:

*Jacqueline P. Cox*

J. Cox
_____
UNITED STATES BANKRUPTCY JUDGE

ORDER PREPARED BY:

John F. Pollick (ARDC #03128122)
McGuireWoods LLP
77 W. Wacker Dr.
Suite 4100
Chicago, Illinois  60601
(T)  (312) 849-8100
(F)  (312) 849-3690
Attorneys for SunRise Bidders, Inc.